CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 09, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **RANDY SANCHEZ, JR.,** | )<br>) |
| Plaintiff, | ) Case No. 7:24CV00097<br>) |
| v. | ) **OPINION**<br>) |
| **WALLENS RIDGE STATE PRISON, AGENCY OF UNITED STATES,** | ) JUDGE JAMES P. JONES<br>)<br>) |
| Defendant. | )<br>) |

*Randy Sanchez, Jr., Pro Se Plaintiff.*

The plaintiff, Randy Sanchez, Jr., a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that unspecified prison officials have treated him differently from other inmates in unspecified ways. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Sanchez asserts in his Complaint only that "[d]ifferent departments in Wallens Ridge State Prison [Wallens Ridge] are not allowing [him] to receive the same, rights, privileges, and protections, as the other prisoners are" allegedly receiving. Compl 2, ECF No. 1. Sanchez sues only Wallens Ridge, calling it an "Agency of the United States." *Id.* at 1. He seeks monetary damages. He attaches numerous grievance documents and request forms to his Complaint.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). This rule also applies to "governmental entities that are considered arms of the State for Eleventh Amendment purposes." *Id.* at 70 (citation omitted). Because Wallens Ridge is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983. Because Sanchez's § 1983 claim cannot proceed against the only defendant he has named, I will summarily dismiss the action without prejudice under § 1997e(c)(1) as legally frivolous. Such a dismissal leaves Sanchez free to refile his claims in new and separate civil actions if he can correct the deficiencies described in this opinion.

A separate Final Order will be entered herewith.

-3-

DATED: July 9, 2024

/s/  JAMES P. JONES
Senior United States District Judge